SHIRLEY ANN LUI, Temporary Administratrix of the Estate of JEROME NAKI, Deceased, SHIRLEY ANN LUI, Individually, ALEXANDER P. NAKI, JR., ARTHUR NAKI, a minor, by his natural mother and next friend, SHIRLEY ANN LUI, SHIRLEY ANN LESSARY (nee NAKI), ARVA M. LEWIS and JERIMAE LEWIS, Plantiffs-Appellants, *v.* CITY AND COUNTY OF HONOLULU, Defendant-Appellee

NO. 6718

CIVIL NO. 44814

OCTOBER 6, 1981

RICHARDSON, C.J., OGATA, LUM, NAKAMURA, JJ. AND RETIRED JUSTICE MARUMOTO IN PLACE OF MENOR, J., EXCUSED

*Per Curiam.* In this interlocutory appeal, we *sua sponte* raise the question of whether the trial court abused its discretion in allowing this appeal to be taken for the purpose of having this court review at least fifteen separate interlocutory questions[1] certified by the trial court.

Plaintiff-appellant Shirley Ann Lui, Temporary Administratrix of the Estate of Jerome Naki, filed a suit in the circuit court alleging that defendant-appellant City and County of Honolulu (City) was liable for the suicidal death of the deceased, Jerome Naki, an 18-year-old boy. The suit alleged that the police falsely arrested or falsely imprisoned the decedent or that the police were negligent in their conduct in detaining the decedent.

Decedent Naki was arrested at about 10:00 p.m. on April 5, 1974 shortly after a robbery was committed in Kaneohe, Oahu. He was arrested solely "for investigation" pursuant to Hawaii Revised Statutes § 708-9(5)[2] and held without bail. He was booked at the Kaneohe Police Station and transported to the Honolulu Police Station by 3:00 a.m. the following morning. At 11:30 a.m. he was discovered dead hanging in his cell.

We have reviewed the pertinent facts and law and conclude that

---

[1] In the context of this appeal, we can assume that they are interlocutory and not final orders.

[2] HRS § 708-9 (renumbered 1972; presently § 803-9). *Examination after arrest; rights of arrested person.* It shall be unlawful in any case of arrest for examination:

. . . . .

(5) To fail within forty-eight hours of the arrest of a person on suspicion of having committed a crime either to release or to charge the arrested person with a crime and take him before a qualified magistrate for examination.

the trial court abused its discretion in allowing this interlocutory appeal.

### I.

Before trial, plaintiff filed two motions. The first was for a partial summary judgment. The motion alleges that in 1973 a circuit court decided in *Taylor v. Keala,* S. P. No. 3532, that Hawaii Revised Statutes § 708-9(5)) is unconstitutional. The motion argues that since the City had failed to appeal *Taylor v. Keala,* that decision, declaring the City's detention procedure to be illegal and HRS § 708-9(5) to be unconstitutional, is binding upon the City in the present suit.

The other motion requested an *in limine* ruling by the court or, in the alternative, a summary adjudication that the arrest and detention of decedent by the police constituted negligence as a matter of law or false imprisonment as a matter of law under *Taylor v. Keala.*

These motions were denied by the lower court. Thereafter, the court permitted this interlocutory appeal, certifying at least fifteen separate questions[3] for determination by this court. We now consider the propriety of the circuit court's decision.

### II.

HRS § 641-1 (1976) allows the taking of interlocutory appeals from the circuit court.

[§ 641-1] *Appeals as of right or interlocutory, civil matters.* (a) Appeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts and the land court, to the supreme court, except as otherwise provided.

(b) Upon application made within the time provided by the rules of court, an appeal in a civil matter may be allowed by a circuit court in its discretion from an order denying a motion to dismiss or from any interlocutory judgment, order, or decree *whenever the circuit court may think the same advisable for the speedy termination of litigation before it.* The refusal of the circuit court to

---

[3] For the purpose of our decision, we do not find it necessary to enumerate these questions.

allow an appeal from an interlocutory judgment, order, or decree shall not be reviewable by any other court. [Emphasis added.]

(c) An appeal shall be taken in the manner and within the time provided by the rules of court.

On previous occasions, the general nature and purpose of HRS § 641-1 have been discussed by this court. We stated in *Mackenzie v. Choi*, 47 Haw. 298, 302, 387 P.2d 475, 477-78 (1963), adopting the language of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 at 546 (1949):

The effect of the statute is to disallow appeal from any decision which is tentative, informal or incomplete. Appeal gives the upper court a power of review, not one of intervention. So long as the matter remains open, unfinished or inconclusive, there may be no intrusion by appeal.* * *

Nor does the statute permit appeals, even from fully consummated decisions, where they are but steps towards final judgment in which they will merge. The purpose is to combine in one review all stages of the proceeding that effectively may be reviewed and corrected if and when final judgment results.* * *

We expressed concern in *Barthrop v. Kona Coffee Co.*, 10 Haw. 398 (1896), about the oscillating effect of interlocutory appeals:

[I]f appeals were allowed from all such rulings [interlocutory rulings] it would be in the power of a defendant, even in a very clear case against him, to keep the case oscillating between the original and appellate courts almost indefinitely, to the great expense and annoyance and perhaps even practical denial of justice to the plaintiff, to say nothing of the annoyance to the courts and the occupation of their time with trivial matters.

*Id.* at 401.

We also added that where requests for interlocutory appeals are not granted, they are not appealable and no substantial rights are lost thereby. All questions, if properly preserved, may be raised after final judgment. *Id.* at 402.

Subparagraph (b) of HRS § 641-1 expressly allows interlocutory appeals at the discretion of the trial court. However, this discretion is not unfettered but is circumscribed; it is limited to those appeals "whenever the circuit court may think the same advisable for the

speedy termination of litigation." The words "speedy termination"[4] are therefore crucial to the determination of whether the trial court exercised its discretion properly. Although these words are not specifically defined in the statute, they are not to be read in isolation but are to be read in the context of the nature and purpose of HRS § 641-1 and the previous admonitions by this court. The saving of time and litigation expenses, without more, do not meet the requirement of speedy termination. *See Barthrop v. Kona Coffee Co., supra.* On the other hand, if the appeal may put an end to the action, obviously the requirement is met.

We have examined the certified questions in light of the record before us. We conclude that this interlocutory appeal is merely a request by the circuit court to have this court intervene in regard to tentative and incomplete decisions of the lower court in an unfinished and incomplete case. We hold that the trial court abused its discretion in granting the interlocutory appeal.

We reverse the order of the trial court and remand the case for trial.

*John S. Edmunds (John S. Edmunds,* Attorney at Law, a Law Corporation, of counsel) for plaintiffs-appellants.

*Stanley Young, (Robert E. St. Sure* and *Charles A. Viviano* on the briefs), Deputies Corporation Counsel, for defendant-appellee.

---

[4] The words "speedy termination" were first used in this statute when it was amended in 1898. The legislative committee report does not discuss what is meant by speedy termination.