KATRINCA M. McCABE, Plaintiff-Appellant, *v.* GEORGE BERDON, JR. and GEORGE BERDON, SR., Defendants, and COUNTY OF HAWAII, DEPARTMENT OF PUBLIC WORKS and STATE OF HAWAII, DEPARTMENT OF TRANSPORTATION, HIGHWAYS DIVISION, Defendants-Appellees

NO. 9094

(CIVIL NO. 6589)

MAY 21, 1984

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an interlocutory appeal allowed from judgments in favor of the State of Hawaii and the County of Hawaii pursuant to sum-

mary judgment orders disposing of all claims against those two defendants-appellees by the plaintiff-appellant.

The two orders appealed from each stated:

> IT IS FURTHER ORDERED, ADJUDGED AND DE-CREED that pursuant to Rule 73 of the Hawaii Rules of Civil Procedure, Plaintiff shall be allowed to take an interlocutory appeal from the court's order granting summary judgment and from the court's order denying Plaintiff's request for association of out-of-state counsel.

The transcript of the hearing at which the motions for summary judgment were originally orally granted contains the following:

> . . . .
>
> Motion for summary judgment of the State of Hawaii and County of Hawaii will be granted. All right. If you wish to take interlocutory appeal on this issue, I'll be glad to accommodate you. It's up to you.
>
> MR. CORRALES: Yes, I believe we would want to.
>
> THE COURT: All right. If that's the situation, the Court will also deny your request for associate of counsel. You can also take that up on interlocutory appeal, all right?
>
> MR. CORRALES: Thank you, Your Honor.

An interlocutory appeal is allowable under HRS § 641-1(b) only where "the circuit court may think the same advisable for the speedy termination of litigation before it." As we have said:

> Subparagraph (b) of HRS § 641-1 expressly allows interlocutory appeals at the discretion of the trial court. However, this discretion is not unfettered but is circumscribed; it is limited to those appeals "whenever the circuit court may think the same advisable for the speedy termination of litigation." The words "speedy termination" are therefore crucial to the determination of whether the trial court exercised its discretion properly. Although these words are not specifically defined in the statute, they are not to be read in isolation but are to be read in the context of the nature and purpose of HRS § 641-1 and the previous admonitions of this court. The saving of time and litigation expenses, without more, do not meet the requirement of speedy termination. *See Barthrop v. Kona Coffee Co., supra.* On

the other hand, if the appeal may put an end to the action, obviously the requirement is met.

*Lui v. City & County,* 63 Haw. 668, 671-72, 634 P.2d 595 (1981).

Here, there is nothing in the record to indicate that the trial judge determined that an interlocutory appeal from the orders entered would more speedily terminate the litigation. He simply said he would allow an interlocutory appeal without expressing any determination on the matter.

It may well be that the trial judge was thinking of a certification pursuant to the provisions of Rule 54(b), HRCP. The orders in question were certainly capable of such certification. However, the necessary determination that there was no just cause for delay and the recital thereof, along with the express direction for the entry of judgment, are missing from the record and the orders appealed from.

We ordered the parties to submit additional memoranda on the question of whether an interlocutory appeal pursuant to HRS § 641-1(b) could be allowed in a situation where the claims adjudicated were capable of being certified, and thus made final, upon a proper finding and direction, under Rule 54(b), HRCP. We, however, cannot reach that issue in this case since the court below made neither the necessary finding under § 641-1(b) nor the necessary finding and direction under Rule 54(b), HRCP.

Appeal dismissed.

*Radcliffe Welles (Richard L. Tretheway* on the briefs, *Tretheway & Olmstead* of counsel) for appellant.

*Thomas L. H. Yeh,* Deputy Corporation Counsel, for appellee County of Hawaii.

*James W. Laseter,* Deputy Attorney General, for appellee State of Hawaii.