TBS PACIFIC, INC., a Hawaii corporation, Plaintiff-Appellee, *v.* KENNETH TETSUO TAMURA, individual, and JOANN ELIZABETH TAMURA, individual, Defendants-Appellants, and CITY AND COUNTY OF HONOLULU, et al., Defendants, and RICHARD Y. WADA, Commissioner-Appellee, and KENNETH TETSUO TAMURA and JOANN ELIZABETH TAMURA, Third-Party Plaintiffs, *v.* ROY T. ITO, individual, et al., Third-Party Defendants

NO. 9333

JUNE 27, 1984

BURNS, C. J., HEEN AND TANAKA, JJ.

*Per Curiam.* Upon the motion of plaintiff-appellee TBS Pacific, Inc. (TBS), this appeal is dismissed for lack of appellate jurisdiction because the requirements of Rule 54(b), Hawaii Rules of Civil Procedure (HRCP) (1981), have not been satisfied.

On October 21, 1981 TBS filed a complaint against various defendants to foreclose a mortgage.

On December 15, 1981 the Tamuras, who are the principal defendants, filed a third-party complaint for indemnification or contribution against:

Roy T. Ito
George K. Nakagawa
Ind-Comm Development, Inc.
Ind-Comm Investments, Inc.
Ind-Comm Management, Inc.
Ind-Comm Property, Inc.
Ind-Comm Enterprise, Inc.
Thomas T. Enomoto
Stanley M. Morikawa
Derek Kimura

Ind-Comm Development, Inc., Stanley M. Morikawa, George K. Nakagawa, and Roy T. Ito timely answered the third-party complaint. On October 12, 1982 the remaining third-party defendants were given up to and including November 8, 1982 within which to answer or otherwise plead to the third-party complaint.

On November 5, 1982 TBS moved for a summary decrèe of foreclosure and order of sale. This motion was served on the defendants but, contrary to Rule 5(a), HRCP, not on the third-party defendants. None of the third-party defendants appeared at the hearing on the motion. The motion was granted and a decree of foreclosure and order of sale was filed on February 16, 1983.

On March 1, 1983 the Tamuras filed a motion for reconsideration of the February 16, 1983 decree based upon Rules 52(b), 59(e), and 60(b), HRCP. This motion was denied on April 19, 1983.

On May 9, 1983, upon the request of the Tamuras made in accordance with Rule 55(a), HRCP, the clerk entered default against each of the third-party defendants who had not answered the third-party complaint. No action has been taken under Rule 55(b).

On May 11, 1983 the Tamuras filed a notice of appeal of both

the February 16, 1983 decree and the April 19, 1983 order. Also on May 11, 1983 the Tamuras filed a motion for, *inter alia,* leave pursuant to Hawaii Revised Statutes (HRS) § 641-1(b) to appeal the February 16, 1983 decree and the April 19, 1983 order. This motion was granted on June 23, 1983.

On April 3, 1984 TBS moved this court for dismissal of the appeal on the grounds that the failure to dispose of the third-party complaint or to satisfy the requirements of Rule 54(b), HRCP, precluded appellate jurisdiction. We agree.

The February 16, 1983 decree and the April 19, 1983 order are not final and appealable because there has been no disposition of the third-party complaint and the requirements of Rule 54(b) have not been satisfied.[1]

I.

*Wylly v. First Hawaiian Bank,* 57 Haw. 61, 549 P.2d 477 (1976), implied that an appeal of an interlocutory decision may be possible under HRS § 641-1(b) where there has been no compliance with Rule 54(b), HRCP, certification requirements. However, our supreme court recently indicated that it had not yet answered the question of "whether an interlocutory appeal pursuant to HRS § 641-1(b) could be allowed in a situation where the claims adjudicated were capable of being made final, upon a proper determination and direction, under Rule 54(b), HRCP." *McCabe v. Berdon,* 67 Haw. 178, 681 P.2d 571 (1984).

We now hold that in a case involving multiple claims or multiple parties, where one or more claims or the rights and liabilities of one or more parties have been fully decided but all of the claims and

---

[1] Since the May 11, 1983 notice of appeal was an attempt to appeal a decree and an order that were not appealable absent satisfaction of the requirements of Rule 54(b), HRCP, the May 11, 1983 notice of appeal did not deprive the lower court of jurisdiction to hear the May 11, 1983 motion for permission under HRS § 641-1(b) to file an appeal of an interlocutory decision. *See Leonhard v. United States,* 633 F.2d 599 (2d Cir. 1980), *cert. denied,* 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981); *Cochran v. Birkel,* 651 F.2d 1219 (6th Cir. 1981), *cert. denied,* 454 U.S. 1152, 102 S.Ct. 1020, 71 L.Ed.2d 307 (1982); *Weisman v. Darneille,* 79 F.R.D. 389 (S.D.N.Y. 1978); 16 Wright, Miller, Cooper & Gressman, Federal Practice and Procedure: *Jurisdiction* § 3949, n. 13, at 359 (1977).

the rights and liabilities of all of the parties have not been fully decided, appellate jurisdiction over the fully decided claims, rights, and liabilities cannot be generated by satisfying the requirements of HRS § 641-1(b). The only way to generate appellate jurisdiction in such a situation is through HRS § 641-1(a) which requires satisfaction of the requirements of Rule 54(b).

## II.

First, we analyze HRS § 641-1 (1976 & 1983 Supp.) which states:

*Appeals as of right or interlocutory, civil matters.* (a) Appeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts and the land court, to the supreme court or to the intermediate appellate court, except as otherwise provided by law and subject to the authority of the intermediate appellate court to certify reassignment of a matter directly to the supreme court and subject to the authority of the supreme court to reassign a matter to itself from the intermediate appellate court.

(b) Upon application made within the time provided by the rules of court, an appeal in a civil matter may be allowed by a circuit court in its discretion from an order denying a motion to dismiss or from any interlocutory judgment, order, or decree whenever the circuit court may think the same advisable for the speedy termination of litigation before it. The refusal of the circuit court to allow an appeal from an interlocutory judgment, order, or decree shall not be reviewable by any other court.

(c) An appeal shall be taken in the manner and within the time provided by the rules of court.

Clearly, HRS § 641-1(a) requires finality before a judgment, order, or decree may be appealed as of right. *See Chuck v. St. Paul Fire & Marine Insurance Co.,* 61 Haw. 552, 606 P.2d 1320 (1980). Although the adjective "final" did not modify the words "decisions, judgments, orders or decrees" in the predecessor statutes, *see* Act 40, § 1, 1898-1904 Haw. Sess. Laws 78 (approved May 27, 1898); Rev. Laws Haw. § 2509 (1925); Rev. Laws Haw. § 3501 (1935); Rev. Laws Haw. § 9503 (1945); Rev. Laws Haw. § 208-3 (1955), finality was required. *See Peabody v. Paakaua,* 24 Haw. 250 (1918); *Atcherley*

*v. Jarrett,* 19 Haw. 511 (1909); *Barthrop v. Kona Coffee Co., Ltd.,* 10 Haw. 398 (1896).

The policy reason for the finality requirement is the prevention of piecemeal litigation. *See Powers v. Ellis,* 55 Haw. 414, 520 P.2d 431 (1974); 9 Moore's Federal Practice ¶ 110.07 (2d ed. 1983); 15 Wright, Miller, & Cooper, Federal Practice and Procedure: *Jurisdiction* § 3907 (1976). Thus, a final decision is defined generally as "one which ends the litigation . . . and leaves nothing for the court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233, 65 S. Ct. 631, 633, 89 L.Ed. 911, 916 (1945).

However, our supreme court is the final arbiter that determines whether a judgment, decree, or order is "final" within the meaning of HRS § 641-1(a). Thus, even if it does not finally determine the entire action, an order is deemed "final" and appealable (1) if it "fits the collateral order doctrine enunciated in *Cohen v. Beneficial Loan Corp.,* 337 U.S. 541 (1949)," *MDG Supply, Inc. v. Ellis,* 51 Haw. 480, 481, 463 P.2d 530, 531 (1969), and further discussed in *In re Henry,* 2 Haw. App. 529, 634 P.2d 615 (1981), and in *Employees' Ret. Syst. v. Big Island Realty, Inc.,* 2 Haw. App. 151, 627 P.2d 304 (1981); (2) if it is a decree of divorce which terminates the marriage and divides the property but reserves questions of custody and support for future determination, *Cleveland v. Cleveland,* 57 Haw. 519, 559 P.2d 744 (1977); or (3) if under the rule of *Forgay v. Conrad,* 47 U.S. 201 (1848), its execution would subject the losing parties "to irreparable injury if appellate review had to wait the final outcome of the litigation," *Penn v. Transportation Lease Hawaii, Ltd.,* 2 Haw. App. 272, 630 P.2d 646 (1981); *Sturkie v. Han,* 2 Haw. App. 140, 146, 627 P.2d 296, 301 (1981); 9 Moore's Federal Practice ¶ 110.11, at 142 (2d ed. 1983).

On the other hand, HRS § 641-1(b) allows an appeal of an interlocutory judgment, decree, or order but only (1) upon application and (2) the circuit court's determination that the appeal would result in the speedy termination of the litigation. *See McCabe v. Berdon, supra.* The reported cases reveal no stated definition of "interlocutory." The courts have determined whether a specific judgment, order, or decree was "interlocutory" on an *ad hoc* basis. *See e.g. Chuck v. St. Paul Fire & Marine Insurance Co., supra; Jezierny v. Biggins,* 56 Haw. 662, 548 P.2d 251 (1976), *motion to reinstate appeal denied,* 57 Haw. 82, 549 P.2d 739 (1976). Based on the cases, we

define an "interlocutory" judgment, decree, or order as one that is not "final" under HRS § 641-1(a) and under the decisions of our supreme court.

Finally, article VI, section 7, Hawaii State Constitution (1978) provides that "[t]he supreme court shall have power to promulgate rules and regulations in all civil and criminal cases for all courts relating to process, practice, procedure and appeals which shall have the force and effect of law." HRS § 641-1(c) provides that an appeal must be taken in the manner and within the time specified in the court rules.

## III.

Next, we analyze Rule 54(b), HRCP, which reads:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Rule 54(b), HRCP, and Rule 54(b), Federal Rules of Civil Procedure (FRCP), are identical in wording. Therefore, federal case law relating to Rule 54(b), FRCP, is applicable by analogy in the construction of Rule 54(b), HRCP.

Prior to the advent of the Federal Rules of Civil Procedure, "there was no authority for treating anything less than the whole case as a judicial unit for purposes of appeal." *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 432, 76 S. Ct. 895, 897, 100 L.Ed. 1297, 1304 (1956) (footnote omitted). The Federal Rules of Civil Procedure permitted the liberal joinder of claims and parties. Thus, Rule 54(b) was deemed necessary "to avoid the possible injustice of a

delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available." 10 Wright, Miller, & Kane, Federal Practice and Procedure: *Civil* 2d § 2654 at 35 (1983).

## A.

Initially, we find no conflict between HRS § 641-1(b) and Rule 54(b), HRCP, thereby avoiding the issue of the primacy of a statute over a court rule.

A prerequisite under Rule 54(b) is that at least one claim or the rights and liabilities of at least one party must be fully decided.[2] 10 Wright, Miller, & Kane, § 2656 at 50. Since interlocutory judgments, decrees, or orders do not meet this test, they do not come within the purview of Rule 54(b).

Upon the court's (1) determination that there is no just reason for delay and (2) direction for the entry of a final judgment pursuant to Rule 54(b), a fully decided but not final judgment, decree, or order becomes final and appealable within the meaning of HRS § 641-1(a). Thus, the appeal of a fully decided but not final or appealable judgment, decree, or order in a multiple claims or multiple parties case which is made into a final and appealable judgment, decree, or order by a proper Rule 54(b) determination and direction is one taken pursuant to HRS § 641-1(a) and not HRS § 641-1(b). Rule 54(b) specifies the manner in which an appeal under HRS § 641-1(a) is to be taken in a multiple claims or multiple parties case. *See* HRS § 641-1(c).

## B.

In 1939, the legislature authorized and empowered the supreme court to appoint a committee to assist it "in the preparation, revision, promulgation, publication and administration" of general

---

[2] The failure to decide a party's entitlement to costs and fees does not prevent a claim or the rights and liabilities of a party from being fully decided. *Wisdom v. Pflueger*, 4 Haw. App. 455, 667 P.2d 844 (1983).

procedural rules. Act 215, § 2, 1939 Haw. Sess. Laws 176. Act 215 provided that the rules made pursuant to it "shall, when promulgated, have the force and effect of law and shall supersede any statute in conflict therewith." *Id.* § 4 at 177. *See Kudlich v. Ciciarelli,* 48 Haw. 290, 401 P.2d 449 (1965). However, Act 215 expressly provided that the procedural rules shall not "abridge, enlarge or modify . . . the jurisdiction of any of the . . . courts."[3] Act 215, § 1, 1939 Haw. Sess. Laws 176.

We must now decide whether Rule 54(b), HRCP, effects an unauthorized enlargement or modification of HRS § 641-1(a). For the reasons stated below, we answer no.

Facing similar issues in *Sears, Roebuck & Co. v. Mackey, supra,* and *Cold Metal Process Co. v. United Engineering & Foundry Co.,* 351 U.S. 445, 76 S. Ct. 904, 100 L.Ed. 1311 (1956), the Supreme Court upheld the validity of Rule 54(b), FRCP. *Sears* involved an appeal of the dismissal of two of the six counts in the complaint and in *Cold Metal,* a fully decided claim which had been made final under Rule 54(b) was appealed while the counterclaim awaited disposition.

The Supreme Court held that Rule 54(b), as amended in 1946, did not attempt to modify or supersede the federal appellate jurisdiction statutes. In *Sears,* the Court stated that:

> [Rule 54(b)] does not relax the finality required of each decision, as an individual claim, to render it appealable, but it does provide a practical means of permitting an appeal to be taken from one or more final decisions on individual claims, in multiple claims actions, without waiting for final decisions to be rendered on *all* the claims in the case.

351 U.S. at 435, 76 S. Ct. at 899, 100 L.Ed. at 1306 (emphasis in original). The contents of federal appellate jurisdictional statutes have "always been supplied by judicial decisions, and if the Supreme Court can by judicial decision define finality within the meaning of those statutes, as admittedly it has done and can do, then it has the power by rule, which has the force of statute, to

---

[3] Hawaii Revised Statutes § 602-11 (Supp. 1983) dealing with the rule making power of the supreme court provides in part:

Such rules shall not abridge, enlarge, or modify the substantive rights of any litigant, nor the jurisdiction of any of the courts, nor affect any statute of limitations.

define finality for a limited situation — where an action involves multiple claims." 6 Moore's Federal Practice ¶ 54.29[2], at 422 (2d ed. 1983). *See also Rieser v. Baltimore & Ohio Railroad Co.,* 224 F.2d 198 (2d Cir. 1955).

Rule 54(b), FRCP, was further amended in 1961 by adding provisions dealing with finality of decisions in cases involving multiple parties. Since "the 1961 amendment does not repudiate the statutory and historic policy of finality, but adapts that policy in a practical manner to a 'final' adjudication of the rights and liabilities of one or more but fewer than all the parties[,]" Rule 54(b), as further amended, is "valid." 6 Moore's Federal Practice ¶ 54.29[3] at 427.

We adopt the Supreme Court's rationale in *Sears* and *Cold Metal* and determine that Rule 54(b), HRCP, neither enlarges nor modifies HRS § 641-1(a).

### IV.

Based on the foregoing analyses, we arrive at the following conclusions.

1. *Interlocutory Judgment, Decree, or Order.* As a general rule, a written judgment, decree, or order that does not fully decide one or more claims or the rights and liabilities of one or more parties is an *interlocutory* judgment, decree, or order.

An *interlocutory* judgment, decree, or order can be appealed only by satisfying the requirements of HRS § 641-1(b).

2. *Fully Decided but Not Final or Appealable Judgments, Decrees, or Orders.* As a general rule, a written judgment, decree, or order that fully decides one or more claims or the rights and liabilities of one or more parties but not all the claims and the rights and liabilities of all the parties is a *fully decided but not final or appealable* judgment, decree, or order.

A decree of foreclosure and sale fully decides the claim for foreclosure and sale.[4] Whether it is *final and appealable* depends on

---

[4] A decree of foreclosure fully decides the claim for foreclosure notwithstanding the fact that many matters relating to it remain undetermined. *Powers v. Ellis,* 55 Haw. 414, 520 P.2d 431 (1974); *Hoge v. Kane,* 4 Haw. App. 246, 663 P.2d 645 (1983). An order of sale may be appealed with the decree of foreclosure if the notice of appeal is timely as to both. *Powers v. Ellis, supra.*

the existence and status of other claims, if any, in the case.

3. *Final and Appealable Judgments, Decrees, or Orders.* A written judgment, decree, or order that fully decides all the claims and the rights and liabilities of all the parties is a *final and appealable* judgment, decree, or order.[5]

A written judgment, decree, or order that qualifies under the *Forgay-Conrad* rule (irreparable injury rule) is a *final and appealable* judgment, decree, or order.

A written judgment, decree, or order that qualifies under the *Cohen* rule (collateral order doctrine) is a *final and appealable* judgment, decree, or order.

A written judgment, decree, or order that divorces the parties and divides their property but which leaves issues of child custody and support undecided qualifies under the *Cohen* rule as a collateral judgment, decree, or order, and thus is *final and appealable*.

A *fully decided but not final or appealable* judgment, decree, or order may be made *final and appealable* by satisfying the requirements of Rule 54(b), HRCP.

A *final and appealable* judgment, decree, or order is appealable as of right under HRS § 641-1(a).

V.

We hold that since this case involves multiple claims and multiple parties and the third-party complaint remains pending, the requirements of Rule 54(b), HRCP, must be satisfied in order to appeal the fully decided but not *final or appealable* decree of foreclosure and order of sale filed on February 16, 1983. Since the Rule 54(b) (1) determination that there is no just reason for delay and (2) direction for entry of judgment are lacking, we have no appellate jurisdiction.

Appeal dismissed.

---

[5] Where disposition of a case is embodied in several orders, no one of which embraces the entire controversy but which collectively do so, the date of entry of the last of the series of orders is the date of entry of final judgment. *King v. Ilikai Properties, Inc.*, 2 Haw. App. 359, 632 P.2d 657 (1981).

232

*Richard T. Fukuda* and *Gary S. Miyamoto* on the motion for plaintiff-appellee.

*Roy M. Miyamoto* for defendants-appellants.

*Richard Y. Wada,* commissioner-appellee, *pro se.*