CATHERINE SUE MASON, Plaintiff-Appellant, *v.* WATER RESOURCES INTERNATIONAL, a foreign corporation, Defendant, and The Estate of GUY W. MASON, JR., Defendant-Appellee, and HAWAIIAN TELEPHONE COMPANY, Defendant, and COUNTY OF HAWAII, Defendant

NO. 10074

(CIVIL NO. 9184)

JANUARY 18, 1985

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY PADGETT, J.

This case is before us on an appeal from an order denying reconsideration of a summary judgment in favor of the plaintiff and purporting to allow an interlocutory appeal. Neither the order granting the motion for summary judgment nor the order denying the motion for reconsideration contains an express determination that there is no just reason for delay nor an express direction for the entry of judgment, both of which are required to make such an order appealable under Rule 54(b), HRCP. Nor does the order denying reconsideration and granting an interlocutory appeal contain any statement that the court thinks that an interlocutory appeal will result in a more speedy termination of the litigation. Yet that is the test for the allowance of a discretionary interlocutory appeal laid down in HRS § 641-1(b). This is a recurring problem. *Cf. McCabe v. Berdon,* 67 Haw. 178, 681 P.2d 571 (1984). And it is evident from the recurrence that there is confusion on the bench and at the bar with regard to these matters.

The appellate case load in this State is steadily increasing. It is apparent that that increasing trend will continue at least for some time into the future. The appellate courts in this State are, perhaps, unique in the United States in that they have been able to become current with their case load. If that desirable situation is to continue, it is necessary that appeals from other than final judgments, which form a significant portion of the appellate case load, be strictly limited to those situations where they are allowable under Rule 54(b), HRCP or DCRCP, or HRS § 641-1(b). We therefore lay down the following guidelines for bench and bar which are to be followed from now on.

If an order is susceptible of certification for appeal under Rule 54(b), HRCP or DCRCP and a party requests such a certification, the trial court shall carefully consider whether or not there is any just reason for delay and whether or not entry of judgment should be directed and, only if it concludes in the affirmative on both issues, shall it then enter a judgment in the form required under Rule 54(b), HRCP.

If any order is entered, other than a final judgment, and a party moves for an interlocutory appeal pursuant to HRS § 641-1(b) or

641-17, the trial court shall carefully consider the matter of whether it thinks an interlocutory appeal will more speedily determine the litigation and, if it so concludes, will set forth, in the order allowing the appeal, its reasons for that conclusion.

With respect to any cases presently on an interlocutory appeal, the orders in which do not comply with the above direction, if the non-compliance is called to the attention of this court by a party, or detected *sua sponte,* this court, if the case is on the ready calendar, will thereupon remove it from that calendar and temporarily remand the same to the circuit court for a stated, limited period of time for the purpose of consideration of, and, if appropriate, entry of an order complying with the directions in this opinion. If such a complying order is not entered within the period limited, the appeal will be dismissed. If a complying order is timely filed, the normal appellate procedure will resume where interrupted by the remand and, if briefing had been completed at that point, the case will be restored to the ready calendar.

Temporarily remanded for further proceedings in accordance herewith.

*James L. McIntosh (Chikasuye & McIntosh* of counsel) for appellant.

*Grant K. Kidani* and *Scott G. Leong (Kidani, Oshima & Wong* of counsel) for appellee.