STATE OF HAWAII, Plaintiff-Appellee, *v.* REINHARD MOHR, Defendant-Appellant

NO. 10327

(CRIMINAL NO. 60294)

DECEMBER 3, 1985

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is a purported interlocutory appeal from certain orders with respect to the suppression of evidence, etc. at the trial level.

HRS § 641-17, as amended, provides as follows:

*Interlocutory appeals from circuit courts, criminal matters.*

> Upon application made within the time provided by the rules of the supreme court, an appeal in a criminal matter may be allowed to a defendant from the circuit court to the supreme court, subject to chapter 602, from a decision denying a motion to dismiss or from other interlocutory orders, decisions, or judgments, whenever the judge in his discretion may think the same advisable for a more speedy termination of the case. The refusal of the judge to allow an interlocutory appeal to the appellate court shall not be reviewable by any other court.

The "whenever" clause in the above section is identical to the language contained in HRS § 641-1(b) with respect to civil appeals. Under HRCC 23, orders must be in writing. Moreover, an order for an interlocutory appeal under the statutory language requires that:

> [T]he trial court shall carefully consider the matter of whether it thinks an interlocutory appeal will more speedily determine the litigation and, if it so concludes, will set forth, in the order allowing the appeal, its reasons for that conclusion.

*Mason v. Water Resources International,* 67 Haw. 510, 512, 694 P.2d 388, 389 (1985).

In this case, there is no written order allowing the interlocutory appeal and, consequently, we have no jurisdiction over the matter.

Appeal dismissed.

*Wayne R. Young (Reinhard Mohr* with him on the brief) for appellant.

*Peter Wilkens (Arthur E. Ross* on the brief), Deputy Prosecuting Attorneys, for appellee.