BYRON W. K. COSTA and DONDI K. HO COSTA, Individually and as Next Friend of BARRY TAI COSTA, a minor, Plaintiffs-Appellees, *v.* STATE OF HAWAII, Defendant-Appellant, and ANN PATRICIA DELATE and STEPHEN SICO, Defendants-Appellees, and COUNTY OF KAUAI, CARSON WALES, and JOHN DOES 1-10, Defendants

NO. 11382

(CIVIL NO. 3049)

APRIL 24, 1987

BURNS, C.J., HEEN AND TANAKA, JJ.

DECISION AND ORDER OF THE COURT BY BURNS, C.J.

Defendant State of Hawaii (State) appeals the judgment upon the jury verdict in favor of plaintiff Barry Tai Costa (Tai) and the judgments upon directed verdicts in favor of cross-defendants Stephen Sico (Sico) and Patricia Delate (Delate). *Sua sponte* we conclude that we are without appellate jurisdiction. *See TBS Pacific, Inc. v. Tamura,* 5 Haw. App. 222, 686 P.2d 37 (1984).

However, instead of dismissing the appeal altogether and requiring the parties to return to the lower court to perfect the process, we hereby temporarily remand this case to the lower court for a specific period of time during which it may, upon the consent of all the parties, enter a final and appealable judgment *nunc pro tunc.*

This case initially involved the following parties and claims: Byron W. K. Costa (Byron), Dondi K. Costa (Dondi), and Tai v. State, County of Kauai (Kauai), Delate, Carson Wales (Wales), Sico; and State v. Byron, Dondi, Tai, Kauai, Delate, Wales, Sico.

When the trial commenced, the following claims were involved: Byron, Dondi, Tai v. State v. Byron, Dondi, Tai, Delate, Sico. After the close of all the evidence, the lower court granted Sico's and Delate's Rule 50(a), Hawaii Rules of Civil Procedure (HRCP), motions for directed verdict.

By the time the case was submitted to the jury, only the following claims were undecided: Byron, Dondi, Tai v. State v. Byron. The jury found that Byron and Dondi suffered no damages. Pursuant to the jury's verdict judgment was entered in favor of Tai against the State in the amount of $1,896,069.83. The jury found that Tai's damages were caused 62 percent by the State and 38 percent by Byron. However, the lower court did not act upon the jury's verdict with respect to Byron's and Dondi's claims against the State or the State's claim against Byron for contribution to Tai.

Hawaii's Uniform Contribution Among Tortfeasors Act, HRS § 663-12, states in relevant part as follows: "A joint tortfeasor is not entitled to a money judgment for contribution until the joint tortfeasor has by payment discharged the common liability or has paid more than the joint tortfeasor's pro rata share thereof."

Other than the jury's verdict finding that Byron was 38 percent responsible for Tai's damages, there is nothing in the record with respect to the State's claim against Byron for contribution to Tai. Since no action was taken under Rule 54(b), HRCP, none of the judgments entered in this case are final and appealable. *TBS v. Tamura, supra.*

We agree with *Smith v. Whitmore,* 270 F.2d 741 (3rd Cir. 1959), and 18 Am. Jur. 2d *Contribution* § 117 (1985) and conclude that a judgment worded substantially as follows would be a final judgment with respect to Tai's claim against the State for damages and the State's claim against Byron for contribution.

It is hereby decided and ordered that:

Judgment is hereby entered in favor of plaintiff Barry Tai Costa (Tai) and against defendant State of Hawaii (State) in the sum of $1,896,069.83 plus interest thereon at the lawful rate from the date hereof and Tai's costs of suit.

Defendants State of Hawaii and Byron W. K. Costa (Byron) are joint tortfeasors with relation to Tai's $1,896,069.83 damages. Consequently, the State has a right of contribution from Byron. Accordingly, the State may hereafter have judgment(s) against Byron for the amount(s) it proves it has paid to Tai in excess of 62 percent of the aggregate of the principal, interest, and costs due under the judgment.

Accordingly, this case is temporarily remanded to the lower court until May 11, 1987 or until the lower court, upon the consent of all the parties, enters or declines to enter final and appealable judgments *nunc pro tunc,* whichever occurs first.

Upon termination of the remand period, the clerk of the lower court shall promptly supplement the record on appeal with all documents filed during the remand period and return the entire record to this court.

*Charles F. Fell,* Deputy Attorney General, for defendant-appellant State of Hawaii.

*David C. Schutter (Schutter, Playdon & Glickstein* of counsel) for plaintiff-appellee Barry Tai Costa.

*Grant K. Kidani (Kidani-Crudele* of counsel) for defendant-appellee Stephen Sico.

*Jeffrey S. Portnoy (Cades Schutte Fleming & Wright* of counsel) for defendant-appellee Ann Patricia Delate.

*James E. Duffy, Jr.* for plaintiffs Byron W. K. Costa and Dondi K. Ho Costa.

*Howard F. McPheeters* and *Gary L. Miller* for defendant County of Kauai.