**BARBARA STAFFORD**, Plaintiff–Appellee, and **STATE OF HAWAII**, Intervenor–Appellee, v. **MTL, INC.**, Defendant–Appellant

NO. 14315

(CIV. NO. 86–0770)

DECEMBER 7, 1990

LUM, C.J., PADGETT, HAYASHI, AND
WAKATSUKI, JJ., AND INTERMEDIATE
COURT OF APPEALS ASSOCIATE JUDGE
HEEN, IN PLACE OF MOON, J., DISQUALIFIED

## OPINION OF THE COURT BY LUM, C.J.

This court is compelled sua sponte to rule that the trial court violated our holding in *Liu v. City & County*, 63 Haw. 668, 634 P.2d 595 (1981), and abused its discretion in granting an interlocutory appeal after denying Appellant MTL, Inc.'s Motion for Summary Judgment. We therefore reverse and remand.

### I.

Appellee Barbara Stafford, an employee of the State of Hawaii, was injured while boarding an MTL bus and subsequently filed a complaint against MTL for negligence. Because MTL's insurer was thereafter declared insolvent, Hawaii Insurance Guaranty Association (HIGA) assumed the responsibility of providing MTL with liability coverage according to Chapter 431–16 of the Hawaii Revised Statutes (HRS).

The State then intervened to establish a lien against any recovery made by Stafford for the workers' compensation benefits the State had already paid for treatment of Stafford's injuries. The trial court denied MTL's Motion for Summary Judgment which contended that the State did not fall within the definition of a "covered claim" under HRS § 431:16–105(5). However, the trial court allowed MTL to seek this interlocutory appellate review of its denied motion.

### II.

Section 641–1(b) of the Hawaii Revised Statutes allows a court to exercise its discretion to grant an appeal from an interlocutory judgment whenever the court may think the appeal is advisable for "speedy termination of litigation." In *Liu* we held that if the appeal puts an end to the action, the requirement of speedy

termination is met. If, on the other hand, the appeal is merely a request for this court to intervene and decide an issue in an unfinished and incomplete case, the requirement is not met. 63 Haw. at 672, 634 P.2d at 598. In this case, the resolution of whether HIGA may have to pay the State's lien is speculative at this point and is of no assistance towards a "speedy termination of litigation."

The burdensome expense in pursuing premature appeals as well as the inherent waste of both attorney and judicial time is a serious problem and is clearly contrary to the purpose and statutory requirements of interlocutory appeals. If MTL is held not liable, the issue of whether the State's lien is a covered claim need not be determined. Address of this issue on interlocutory appeal is unnecessary at this point and is of no assistance towards a speedy termination of litigation as the *Liu* court required in interpreting HRS § 641–1(b).

We hold that the trial court improvidently granted the interlocutory appeal. On the authority of *Liu*, we reverse and remand for trial on the merits.

*Kevin P. H. Sumida (Clyde Wm. Matsui, Randall Y. S. Chung, Gary W. B. Chang, Michael N. Tanoue* and *Cary T. Tanaka* with him on the briefs) for Defendant–Appellant.

*George Hom,* Deputy Attorney General, for Intervenor–Appellee.

*Pamela J. Berman* for Plaintiff–Appellee.