**270**

909 P.2d 598

**BLT ADVERTISEMENT COMPANY, INC., Plaintiff–Appellant,**

v.

**David EDADES, Domie Edades, Kingley Edades, Joseph Gamboa, King's Tours, Inc., Edades Sausage and Tocino Factory, Inc., and Kingley Transportation, Inc. and Philip S. Adao, Individually and dba PSA Realty, Defendants–Appellees,**

and

**BLT Advertisement Company, Inc., Petitioner–Appellant,**

and

**Real Estate Commission, Respondent–Appellee.**

No. 17633.

Intermediate Court of Appeals of Hawai'i.

Dec. 28, 1995.

Norman K.K. Lau, on the briefs, Honolulu, for plaintiff-appellant and petitioner-appellant.

Sidney K. Ayabe and Rodney Nishida of Ayabe, Chong, Nishimoto, Sia & Nakamura, on the briefs, Honolulu, for respondent-appellee Real Estate Commission.

Ernest Y. Yamane, Honolulu, for defendant-appellee Philip S. Adao (no brief filed).

Before BURNS, C.J., and WATANABE and KIRIMITSU, JJ.

KIRIMITSU, Judge.

Plaintiff–Appellant BLT Advertisement Company, Inc. (BLT) appeals from the circuit court's November 15, 1993 Order Denying Plaintiff's Motion for Recovery from the Real Estate Recovery Fund and its November 15, 1993 Order Denying Plaintiff's Motion for Clarification (November 15, 1993 Orders of Denial). We dismiss this appeal for lack of appellate jurisdiction.

### I.

On February 19, 1987, BLT filed an Amended Verified Complaint against Defendants–Appellees David Edades, Domie Edades, Kingley Edades, Joseph Gamboa, King's Tours, Inc., Edades Sausage and Tocino Factory, Inc., Kingley Transportation, Inc.[1] and Philip S. Adao (Adao), individually and dba PSA Realty, (collectively Defendants). BLT alleged that Defendant King's Tours, Inc., later succeeded by Defendant Kingley Transportation, Inc., subleased a part of Room 920 of the Waikiki Trade Center, Honolulu, Hawai‘i, to BLT, and that Defendants breached the sublease contract causing BLT to lose its subleased premises.

BLT further alleged in relevant part, as follows:

### COUNT THREE

#### Fraud and Misrepresentation

\* \* \* \* \* \*

19. That Defendants negligently misrepresented the terms of the Lease on the Premises at Waikiki Trade Center which they subleased to [BLT].

20. That Defendants knew or should have known that subleasing the premises without the express written consent of the Waikiki Trade Center was not allowed, as is mentioned in Defendants' lease with the Waikiki Trade Center.

\* \* \* \* \* \*

23. That [BLT] has suffered severe loss as a result of Defendants' negligence, fraud and misrepresentations in an amount to be shown at trial.

Adao was sued individually and dba PSA Realty. BLT alleged that PSA Realty was licensed to do business in Hawai‘i but failed to allege that Adao, individually and dba PSA Realty, performed the role of a realtor or salesperson in connection with the sublease transaction.

Defendants filed answers to the Amended Verified Complaint essentially denying all of the allegations. On March 11, 1992, the trial court entered default against defendant David Edades, but denied BLT's request for entry of default against all other defendants. After a number of continuances, the case was finally set for trial for the week of July 13, 1992. According to the trial court's minutes, a jury-waived trial was held on July 15, 1992, and BLT made its appearance with counsel. None of the Defendants was present, but counsel for Adao did appear and represented that Adao had been informed of the trial date but could not be located. Three calls were made for defendants "Domie Edades, Joseph Gamboa, Kingley Edades, a representative of King's Tours, Inc., Edades Sausage and Tocino Factory, Inc., and Philip Adao," with no response. The trial court thereupon ordered that default be entered against all of the aforenamed defendants and advised counsel that the matter would be set for a proof hearing.

On September 1, 1992 a proof hearing was held. The minutes indicate that BLT appeared with counsel, but none of the Defendants appeared. BLT's counsel made an opening statement and called Lisa Torres, an officer and director of BLT, as a witness for BLT. BLT's Exhibits 1 through 56 were received into evidence by the trial court and BLT's counsel concluded with a final argument. According to the court's November 24, 1992 minutes, the trial judge orally awarded a default judgment of $34,097.95 in favor of BLT.

---

1. Kingley Edades and Kingley Transportation, Inc. were also referred to in the trial court records as Kingsley Edades and Kingsley Transportation, Inc.

On February 16, 1993, BLT obtained a Default Judgment against Adao (February 16, 1993 Default Judgment) which awarded BLT a recovery of $34,097.95, attorneys' fees of $1,477.45, and costs in the sum of $1,017.78, for a total judgment of $36,593.18.[2] On March 2, 1993, BLT obtained an Amended Default Judgment (March 2, 1993 Amended Default Judgment), which awarded BLT a recovery of $36,593.18 against defendants David Edades, Domie Edades, Kingley Edades, Edades Sausage and Tocino Factory, Inc., in addition to Adao. Nothing in the record explains why defendants Joseph Gamboa, King's Tours, Inc., and Kingley Transportation, Inc., were not named in the March 2, 1993 Amended Default Judgment.

The circuit court did not enter any findings of fact or conclusions of law relevant to the February 16, 1993 Default Judgment or the March 2, 1993 Amended Default Judgment.

On August 6, 1993, BLT moved for an order directing payment out of the Real Estate Recovery Fund (Fund). The Real Estate Commission (REC) opposed the motion. A hearing was held on September 23, 1993. Apparently, the court orally denied the motion without explanation. On September 29, 1993, BLT asked the court to state the reason(s) for the denial of the motion. On November 15, 1993, the First Circuit Court entered its Order Denying Plaintiff's Motion for Recovery from the Real Estate Recovery Fund and its Order Denying Plaintiff's Motion for Clarification.

On December 14, 1993, BLT timely appealed the denial of the motion to recover from the Fund.

## II.

### A.

■ On appeal, the interpretation of a statute is a question of law which we review under the *de novo* or right/wrong standard.

*Kuhnert v. Allison,* 76 Hawai'i 39, 43, 868 P.2d 457, 461 (1994).

Hawai'i Revised Statutes (HRS) § 467–16 (1993) provides in relevant part:

**Real estate recovery fund; use of fund; fees.** The real estate commission shall establish and maintain a real estate recovery fund from which any person aggrieved by an act, representation, transaction, or conduct of a duly licensed real estate broker, or real estate salesperson, upon the grounds of fraud, misrepresentation, or deceit, may recover upon the commission's settlement of a claim or by order of the circuit court or district court of the county where the violation occurred, an amount of not more than $25,000 per transaction for damages sustained by the fraud, misrepresentation, or deceit, including court costs and fees as set by law, and reasonable attorney fees as determined by the court.

HRS § 467–18 (1993) [3] provides in relevant part:

**Statute of limitation; recovery from fund.** (a) No action for a judgment which subsequently results in an order for collection from the real estate recovery fund shall be started later than two years from the accrual of the cause of action thereon. When any aggrieved person commences action for a judgment which may result in collection from the real estate recovery fund, the aggrieved person shall notify the real estate commission in writing to this effect at the time of the commencement of such action. The commission may intervene in and defend any such action.

(b) When any aggrieved person recovers a valid judgment in any circuit or district court where the violation occurred against any real estate broker, or real estate salesperson, upon the grounds of fraud, misrepresentation, or deceit, which occurred on or after January 1, 1968, the aggrieved person may, upon the termination of all

---

2. Nothing in the records explains why the February 16, 1993 Default Judgment was filed so long after the Minute Order of November 24, 1992.

3. We note that Hawai'i Revised Statutes (HRS) § 467–18(a) was recently amended requiring the aggrieved person to "submit prescribed documents" with the written notice of the commencement of action for recovery from the Fund. 1994 Haw.Sess.L.Act 100, § 11 at 225.

proceedings, including reviews and appeals in connection with the judgment, file a verified claim in the court in which the judgment was entered and, upon ten days written notice to the commission, may apply to the court for an order directing payment out of the real estate recovery fund, of the amount unpaid upon the judgment, subject to the limitations stated in this section. . . .

HRS § 467–21 (1993) states in relevant part as follows:

**The real estate commission has standing in court.** When the real estate commission receives notice, as provided in section 467–18(a), the commission may enter an appearance, file an answer, appear at the court hearing, defend the action, or take whatever other action it deems appropriate on behalf and in the name of the defendant, and take recourse through any appropriate method of review on behalf of, and in the name of, the defendant. The commission or its legal representative shall be served with all pleadings in an action which may result in a recovery from the real estate recovery fund.

Thus, a person who applies to the court for an order directing payment of the amount unpaid on the judgment out of the Fund must establish, in addition to other facts stated in HRS § 467–18(c) (1993), the following elements:

1. the person started the action no later than two years from the accrual of the cause of action thereon;

2. at the time the action was commenced, the person notified the REC in writing that the action was for a judgment that may result in collection from the Fund;

3. the person recovered a valid, final, judgment from a circuit court or district court of the county where the violation occurred;

4. the judgment was not appealed, was affirmed on appeal, or was the result of an appeal;

5. the judgment was entered in a case that decided that the person:

(a) was aggrieved;

(b) by an act, representation, transaction, or conduct;

(c) of a duly licensed real estate broker, or real estate salesperson; and

(d) upon the grounds of fraud, misrepresentation, or deceit.

### B.

 In a civil case not involving the Fund, an appeal of a judgment that does not finally decide all of the claims and all of the rights and liabilities of all of the parties does not, absent special circumstances not present in this case, generate appellate jurisdiction. *TBS Pacific, Inc. v. Tamura,* 5 Haw.App. 222, 686 P.2d 37 (1984) (per curiam), *reconsideration denied,* 5 Haw.App. 683, 753 P.2d 253, *aff'd mem. op.,* 67 Haw. 686, 744 P.2d 782 (1984), *reconsideration denied,* 67 Haw. 684, 744 P.2d 780 (1985). Therefore, an appeal of a denial of a post-judgment motion for an order directing payment of the judgment out of the Fund does not generate appellate jurisdiction absent both (a) a valid civil judgment that generated appellate jurisdiction, and (b) a final and appealable order denying the motion to recover from the Fund. That is why HRS § 467–18(b) authorizes the judgment creditor to file the claim "upon the termination of all proceedings, including reviews and appeals in connection with the judgment[.]"

 In BLT's case, the March 2, 1993 Amended Default Judgment is not a final and appealable judgment. As noted above, there is no explanation in the record of what happened to BLT's claims against defendants Joseph Gamboa, King's Tours, Inc. and Kingley Transportation, Inc., who were not named in the March 2, 1993 Amended Default Judgment. Since the aforesaid claims are still pending or unresolved, the March 2, 1993 Amended Default Judgment is not a final judgment, the circuit court's jurisdiction in this case has not ceased, and we do not have appellate jurisdiction. Consequently, we must dismiss this appeal for lack of appellate jurisdiction.

We will, however, discuss relevant issues in the case.

## C.

It appears that BLT satisfied the notice requirement which is the second of the five elements listed above in section A. BLT filed its Amended Verified Complaint on February 19, 1987. The next day, on February 20, 1987, BLT notified the REC in writing of its claim against the Fund arising from the actions of Adao, a licensed real estate broker, and enclosed a copy of the Amended Verified Complaint. On September 1, 1987, BLT served another written notice to the REC of a claim against the Fund.

## D.

Hawai'i Rules of Civil Procedure (HRCP) Rule 52 provides in relevant part:

**Rule 52. FINDINGS BY THE COURT.**

**(a) Effect.** In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58; . . . .

"Findings under Rule 52 are required in all actions tried upon the facts without a jury." 9A C. Wright & A. Miller, *Federal Practice and Procedure: Civil 2d* § 2574, at 504 (1995).

During the September 1, 1992 proof hearing that led to the March 2, 1993 Amended Default Judgment, BLT presented an opening statement, a witness, 56 exhibits and a final argument. Although required by HRCP Rule 52 to enter findings of facts and conclusions of law, the trial court failed to do so. Until the trial court complies with HRCP 52, BLT cannot satisfy the fifth of the five elements listed above.

## CONCLUSION

For the reasons set forth above, we dismiss this appeal for lack of appellate jurisdiction of the November 15, 1993 Order Denying Plaintiff's Motion for Recovery from the Real Estate Recovery Fund and the November 15, 1993 Order Denying Plaintiff's Motion for Clarification.