LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 30493

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ISLAND INSURANCE COMPANY, LTD., Plaintiff-Appellee,

v.

BLOCKBUSTER, INC., Defendant-Appellant,

and

JOHN DOES 1-100, JANE DOES 1-100,
DOE PARTNERSHIPS 1-100, et al., Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-2590)

ORDER GRANTING AUGUST 9, 2010 MOTION TO DISMISS APPEAL
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of (1) Plaintiff-Appellee Island Insurance Company, Ltd.'s (Appellee Island Insurance Company) August 9, 2010 motion to dismiss appellate court case number 30493 for lack of jurisdiction ("Motion to dismiss"), (2) Defendant-Appellant Blockbuster, Inc.'s (Appellant Blockbuster), August 16, 2010 memorandum in opposition to the motion to dismiss and (3) the record, it appears that we lack jurisdiction over Appellant Blockbuster's interlocutory appeal from the Honorable Glenn J. Kim's two April 9, 2010 interlocutory summary judgment orders, because (a) the requirements for a timely interlocutory appeal were not met; and (b) the Honorable Glenn J. Kim's May 21, 2010 order granting Appellant Blockbuster leave to file an interlocutory appeal from the two April 9, 2010 interlocutory summary judgment orders does not contain the conclusion and

findings that are necessary under Hawai'i Revised Statutes (HRS) § 641-1(b) (1993 & Supp. 2009) for the certification of an interlocutory appeal.

"When a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order." HRAP Rule 4(a)(1). HRS § 641-1(b) is the law that permits interlocutory appeals from civil cases to the intermediate court of appeals:

> (b) Upon application made within the time provided by the rules of court, an appeal in a civil matter may be allowed by a circuit court in its discretion from an order denying a motion to dismiss or from <u>any interlocutory</u> judgment, <u>order</u>, or decree <u>whenever the circuit court may think the same advisable for the speedy termination of litigation before it</u>. The refusal of the circuit court to allow an appeal from an interlocutory judgment, order, or decree shall not be reviewable by any other court.

HRS § 641-1(b) (1993 & Supp. 2009) (emphases added). The Supreme Court of Hawai'i has explained its interpretation of HRAP Rule 4(a)(1) as follows:

> We have interpreted HRAP Rule 4(a)(1)'s requirement that the notice of interlocutory appeal be filed "within 30 days after the date of entry of the . . . . order appealed from" to mean that . . . [i]t is necessary for a party wanting to take an interlocutory appeal to move for an <u>order allowing the appeal, for the court to enter the order</u> and for the appellant to file the notice of appeal <u>all within 30 days from the filing of the order appealed from</u>, unless the time for appeal is extended pursuant to HRAP Rule 4(a)(5).

<u>State v. Irvine</u>, 88 Hawai'i 404, 406, 967 P.2d 236, 238 (1998) (some emphasis added; citation and block quotation format omitted). "The order appealed from on an interlocutory appeal is not made final, for any purpose, by the allowance of the interlocutory appeal and the time period runs from the entry of the order, not from the allowance of the appeal." <u>King v. Wholesale Produce Dealers Ass'n of Hawaii</u>, 69 Haw. 334, 335, 741

P.2d 721, 722 (1987).[1]  Thus, for example, we have held that we did not have jurisdiction over an appeal from an interlocutory order pursuant to HRS § 641-1(b) when "the court did not enter its written order allowing an interlocutory appeal within thirty days of the entry of the order from which Plaintiffs wished to appeal, despite Plaintiffs' prompt motion for such an order." Kohala Agriculture, 86 Hawai'i at 311, 949 P.2d at 151. "Therefore, we conclude[d] that Plaintiffs' appeal of the [interlocutory] order was untimely and we [we]re without jurisdiction of that appeal."  Id.

In the instant case, Appellee Blockbuster filed its May 6, 2010 notice of appeal within thirty days after entry of the two April 9, 2010 interlocutory summary judgment orders, but the circuit court did not enter its May 21, 2010 order allowing an interlocutory appeal under HRS § 641-1(b) within thirty days after entry of the two April 9, 2010 interlocutory summary judgment orders, as HRAP Rule 4(a)(1) and HRS § 641-1(b) require under Irvine and King.  Therefore, the requirements for a timely interlocutory appeal were not met.

Even if Appellant Blockbuster's appeal were timely, we would lack jurisdiction over this interlocutory appeal because the May 21, 2010 order that purports to allow Appellant Blockbuster to file an interlocutory appeal from the two April 9,

---

[1]  With respect to certification of a circuit court's adjudication of one or more but less than all claims for an appeal pursuant to HRCP Rule 54(b), the Supreme Court of Hawai'i has stated that Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 869 P.2d 1334 (1994), overruled King. Oppenheimer v. AIG Hawaii Ins. Co., 77 Hawai'i 88, 93, 881 P.2d 1234, 1239 (1994).  However, the holding in Jenkins "does not appear to disturb the holding in King with respect to HRS § 641-1(b)."  Kohala Agriculture v. Deloitte & Touche, 86 Hawai'i 301, 311 n.19, 949 P.2d 141, 151 n.19 (App. 1997).

2010 interlocutory summary judgment orders does <u>not</u> contain an express conclusion that an interlocutory appeal is advisable for the speedy termination of this litigation, and the reasons in support of that conclusion. In determining whether an interlocutory appeal is advisable for the speedy termination of the litigation before it, the circuit court's discretion is not unfettered. <u>Lui v. City and County of Honolulu</u>, 63 Haw. 668, 672, 634 P.2d 595, 598 (1981). Therefore, when the circuit court concludes that an interlocutory appeal is advisable for the speedy termination of the litigation before it, then the circuit court must "set forth, in the order allowing the appeal, its reasons for that conclusion." <u>Mason v. Water Resources International</u>, 67 Haw. 510, 512, 694 P.2d 388, 389 (1985). Consequently, the Supreme Court of Hawai'i has dismissed an interlocutory appeal when a circuit court has purported to "allow an interlocutory appeal without expressing any determination on the matter."[2] The May 21, 2010 order allowing an interlocutory appeal does <u>not</u> include an express conclusion that an interlocutory appeal is advisable for the speedy termination of the litigation before it, nor does the May 21, 2010 order include the circuit court's supporting reasons for that conclusion, as required under the holding in <u>Mason</u>. Therefore, we do not have jurisdiction over this interlocutory appeal from the two April 9,

---

[2] Blockbuster incorrectly relies on <u>McCabe v. Berdon</u>, 67 Haw. 178, 681 P.2d 571 (1984) to assert that we may look to the record -- beyond the May 21, 2010 order -- for the lower court's determination that interlocutory appeal is advisable for the speedy termination of the litigation. <u>McCabe</u> was decided prior to <u>Mason</u>. In <u>Mason</u>, the Hawaii Supreme Court set out the "guidelines for bench and bar which are to be followed from now on." 67 Haw. at 511, 684 P.2d at 388. The <u>Mason</u> guidelines require that the lower court's determination be set forth in the order allowing the appeal.

2010 interlocutory summary judgment orders. Accordingly,

IT IS HEREBY ORDERED that Appellee Island Insurance Company's August 9, 2010 motion to dismiss is granted, and this appeal is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawai'i, September 23, 2010.


Presiding Judge


Associate Judge


Associate Judge