JOHNSON, Judge
This is an appeal from a final decree dated December 14, 1965, and an alleged interlocutory decree dated May 15, 1965.
The procedural facts are that a final decree of divorce was entered on May 15, 1965, which was entitled by the chancellor as a “Final Decree.” Insofar as the marital bonds were concerned, this May 15 Decree effectively severed such bonds and the issue of divorce became final as of that date. A petition for rehearing was filed, but later withdrawn by stipulation. In this decree, the chancellor also awarded custody of the minor child of the parties to the defendant but provided for visitation for the father-plaintiff.
The court retained jurisdiction, (1) for the purpose of establishing the duty and liability of the parties for support of the minor child, (2) for the purpose of division of the assets and (3) to ascertain appropriate solicitor’s fees, court costs and master’s fees. A special master was appointed to inquire into these matters, appraise and evaluate the same and report to the chancellor.
The Special Master’s Report was filed on December 9, 1965, and a further “Final Decree” based thereon, as to the three points on which the Chancellor had retained jurisdiction as outlined supra, was entered by the Chancellor on December 14, 1965. This appeal is from this Final Decree.
First, we think this court must recognize the first “Final Decree”, the one dated May 15, 1965, as being final as to the issues of divorce and custody of the minor child. This was not an interlocutory order and therefore the appeal was not timely brought as to this decree.
We then come to the second Final Decree dated December 14, 1965, wherein the Chancellor limited his findings and decree to the three points, namely: (1) the duty and liability of the parties for support of the minor child, (2) division of the assets accumulated by the parties, and (3) appropriate solicitor’s fees, court costs and Master’s fees. Based upon the Master’s Report, the Chancellor entered its further decree confirming the Special Master’s Report and making division of the assets, fixing the amount of support for the minor child to be paid by the plaintiff and fixing costs and fees. This appears to us to be in effect a post-decretal order, based upon specifically retained jurisdiction.
In our review of this record and the briefs filed, we have necessarily been confronted with the charges and countercharges and the question of recrimination, and while we do not recede from our earlier statement supra that the appeal was not timely brought on these issues, we do feel that it is not inappropriate for us to group all the facts upon which the Chancellor entered his two decrees and conclude that the established law of this state is that an appellate court will seldom go behind the findings of the trial judge in the absence of a showing of some abuse of discretion or a lack of evidence to sustain such findings.
In the case sub judice, we think there was sufficient evidence, if believed *344 by the court, to support his findings and rulings in both decrees.
Therefore the decrees appealed are affirmed.
WIGGINTON, Acting C. J., and SACK, J., concur.