JULIA LYN CLEVELAND, Plaintiff-Appellee *v.* MICHAEL EDWARD CLEVELAND, Defendant-Appellant

NO. 6084

FEBRUARY 7, 1977

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

*Per Curiam.* This appeal is from a decree of absolute divorce, entered by the family court on July 18, 1975, and by its terms effective immediately, which terminated the marriage and divided real property between the parties as tenants in common but reserved questions of custody and support of minor children for future determination, and from an order entered October 2, 1975, which awarded child custody and support and also determined ownership of certain personal property. The decree and the order contained provisions ordering the Appellant to vacate the real property before August 15, 1975 and October 10, 1975, respectively. The notice of appeal was filed October 6, 1975. The case is before us on Appellee's motion to dismiss the appeal as untimely. We hold that the decree was final and that the appeal is not timely as to it, but that the appeal is timely as to the order of October 2, 1975.

Important questions of family court appellate procedure are involved here. Appellant seeks to raise on this appeal questions with respect to the division of the real property by the decree, with respect to the requirement that Appellant vacate the real property although awarded an interest as a cotenant, and with respect to the amount of the child support order. Appellant argues, in opposition to the motion to dismiss, that the decree was not final and appealable, because it did not dispose of all of the issues, and that the only final judgment from which an appeal could be taken was the order of October 2, 1975.[1] However, Appellant does not question the effectiveness of the decree to terminate the marriage and has remarried. We must determine at what time or times, in the on-going process of disposition of a divorce proceeding by the family court, the orders of the court with respect to the various issues customarily dealt with in such proceedings become final so as to commence the running of the period for noticing an appeal.

The family courts are courts of limited and special jurisdiction as defined in Part II of Chapter 571, HRS. Appeals to this court from the family courts are governed by Rules 73 to 76 of the Hawaii Rules of Civil Procedure (HRCP), but proceedings in the family courts are not otherwise subject to those rules. Rules 81(a)(4) and 81(e), HRCP. Thus, although Rule 73(a), HRCP, requires that a notice of appeal from a judgment of the family court be filed within 30 days from the entry of the judgment appealed from, with exceptions which are not applicable to the present appeal, the provisions of Rule 54(b), HRCP, with respect to the finality of judgments dealing with multiple claims are not applicable. HRS § 571-5 directs the board of family court judges, consisting of all

---

[1] Appellant also asserts that the district family judge stated at the conclusion of the hearing which preceded the decree that he would not "finalize anything" until a custody report was received, by which Appellant was led to believe that the decree of July 18, 1975 was not final for purposes of appeal. However, the decree provides expressly that it shall take effect upon its signing and filing, and is approved as to form by Appellant's counsel. The record does not show that any objection to the effective date provided in the decree was made in the family court.

family court judges and district family judges, to recommend, for adoption by this court, rules of court governing practice and procedure in the family courts. Such rules had not been recommended to us and none were in effect at the times relevant to this proceeding.[2] No rule of court governs the determination of the finality of the decree in this case.

On the other hand, HRS § 580-45 provides that a decree dissolving the bonds of matrimony shall take effect at such time as may be fixed by the court in such decree, which in the decree of July 18, 1975 was upon signing and filing. HRS § 580-47 provides, in relevant part, as follows:

> Upon granting a divorce, the court may make such further orders as shall appear just and equitable compelling the parties or either of them to provide for the support, maintenance, and education of the children of the parties and compelling either party to provide for the support and maintenance of the other party and finally dividing and distributing the estate of the parties, real, personal, or mixed, whether community, joint, or separate. In making such further orders, the court shall take into consideration the respective merits of the parties, the relative abilities of the parties, the condition in which each party will be left by the divorce, the burdens imposed upon either party for the benefit of the children of the parties, and all other circumstances of the case, but no such final division of estate shall impair the power of the court to revise allowances for children. Provision may be made for the education of an adult or minor child whether or not the application is made before or after the child has attained the age of majority. An order as to the custody, management, and division of property shall be final and conclusive as to both parties subject only to

---

[2] Rules for the Family Courts of the State of Hawaii were purportedly adopted by the board of family court judges as of September 1, 1972. These rules were not recommended for adoption by this court under its rule-making power. Hawaii Family Court Rules were promulgated by order of this court January 14, 1977, to be effective February 15, 1977. The provisions of Rule 54(b), HRCP, are not incorporated into the Hawaii Family Court Rules as so promulgated.

appeal as in civil cases, and provided that the court shall at all times, including during the pendency of any appeal, have the power to grant any and all restraining orders that may be necessary to protect the parties and secure justice.

With respect to custody of the children during the pendency of a divorce proceeding, HRS § 580-11 provides:

During the pendency of any action for divorce or separation the court may make such orders concerning the care, custody, education, and maintenance of the minor children of the parties to the action as law and justice may require and may enforce the orders by summary process. The court may revise and amend the orders from time to time.

These statutes were in effect at all times relevant to this proceeding.

The right of appeal to this court from the family courts is given by HRS § 571-54 "upon the same terms and conditions as in other cases in the circuit court", with exceptions not relevant here. This appeal is governed, therefore, by HRS § 641-1, which allows appeals in civil matters only from "final judgments". In determining that an order of a family court possessed the finality which made it appealable, in *In re John Doe I*, 50 Haw. 537, 444 P.2d 459 (1968), we said:

We agree with the statement in *Hoier v. Kaplan*, 313 Ill. 448, 450, 145 N.E. 243, 244 (1924), that the test of appealability is "whether the decree or order appealed from determines the ultimate rights of the parties, with respect to distinct matters which have no bearing on other matters left for further consideration."

This court expressed the same thought in *Dole v. Gear*, 14 Haw. 554 (1903), where, in holding an order for temporary alimony appealable, over an objection that it was interlocutory, it stated, on page 566, as follows:

"* * * The answer to [the objection] is that the decree or order is final in its nature, though it is not the last decree in the case or even the decree that determines the merits of the main case. It is indepen-

dent of the main case in that the final decree in the main case cannot affect it and that it in no way depends on the ultimate result or the merits of the main case. * * * "

We conclude that the decree of July 18, 1975 was final and appealable with respect to the termination of the marriage and the division of the real property, although the questions of custody and support of minor children were left for future determination. The express reservation of the custody and support questions did not impair the finality of the decree to a substantially greater extent than would the family court's continuing power to determine the custody of minors, HRS § 571-11(3), and to revise allowances for children, HRS § 580-47. *Blackshear v. Blackshear*, 52 Haw. 480, 478 P.2d 852 (1971). The rationale of the collateral order doctrine is clearly applicable. As stated in *MDG Supply, Inc. v. Diversified Investments, Inc.*, 51 Haw. 480, 482, 463 P.2d 530, 532 (1969), that doctrine makes appealable orders which do not dispose of the entire litigation but "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Other jurisdictions also follow the rule that in divorce cases the matters resolved in the divorce decree are final and appealable, although other matters are postponed for later determination. *Shipley v. Shipley*, 182 N.W. 2d 125 (Iowa 1970); *Baird v. Baird*, 192 So. 2d 342 (Fla. App. 1966); *Gates v. Gates*, 160 Kan. 428, 163 P.2d 395 (1945).

Our conclusion that the decree of July 18, 1975, was final and appealable logically compels a conclusion that failure to appeal within the period provided by Rule 73(a), HRCP, foreclosed the present appeal. It has been argued that where an order which is truly interlocutory is treated as final and appealable to aid the defeated party and avoid the likelihood of irreparable injury to him, the order should not be held to compel an earlier appeal if the defeated party chooses to wait for its review on appeal from the final judgment into which it

is merged. 9 MOORE'S FEDERAL PRACTICE ¶ 110.11 (2d ed. 1948, 1970 rev.). However, the policy of finality with respect to decrees terminating marriage[3] or dividing property between divorced spouses is strongly expressed in the statutes. It would be intolerable for an unappealed decree terminating marriage to remain uncertain as to finality because the family court continues to retain jurisdiction of the proceeding to deal with the welfare of the minor children or to determine a complex property distribution. We are not as strongly compelled by policy to treat an order dividing the property as final and appealable, but the legislative intent is clear and the alternative could leave titles in question for periods approaching 18 years. We hold, therefore, that expiration of the period provided in Rule 73(a), HRCP, forecloses appeal from decrees terminating marriage entered pursuant to HRS § 580-45, and from orders making final division of property entered pursuant to HRS § 580-47, notwithstanding that questions relating to custody or support of minor children are reserved for future disposition, or, in the case of decrees terminating marriage, the final division of the property is so reserved. Since the notice of appeal from the decree of July 18, 1975 was not filed within the period provided by Rule 73(a), HRCP, the appeal from the decree must be dismissed. *Scott v. Liu,* 46 Haw. 221, 377 P.2d 696 (1962), *reh. den.* 46 Haw. 289, 378 P.2d 880 (1963).

The motion is also to dismiss the appeal from the order entered October 2, 1975. This order was entered after a hearing on the matter of custody and support of the minor children and on an order to Appellant to show cause why he should not be held in contempt for failing to comply with the direction, contained in the decree of July 18, 1975, to vacate by August 15, 1975 the real property divided between the

---

[3] HRS § 580-56 strikingly evidences the legislative intent that decrees terminating marriage shall be final notwithstanding the reservation of final division of the property for future disposition, by providing expressly with respect to the rights of a party to a matrimonial action who has remarried following entry of such a decree and prior to the final division of the property. *See Arakaki v. Arakaki,* 54 Haw. 60, 502 P.2d 380 (1972).

parties as tenants in common. The order granted custody of the children to Appellee, ordered Appellant to make support payments of $100 per month, allotted to Appellant certain personal property omitted from consideration in the decree, found Appellant in contempt for not leaving the premises but deferred imposition of penalty for one year and ordered Appellant to leave the premises by October 10, 1975. Notwithstanding the family court's continuing jurisdiction to modify the custody and support orders and the direction to Appellant to vacate the premises, this order placed Appellant in immediate jeopardy of contempt of court and meets the tests of appealability stated in *MDG Supply, Inc. v. Diversified Investments, Inc., supra.*

The appeal is dismissed with respect to the decree of July 18, 1975 and the portions of Appellant's opening brief relating thereto are stricken. Appellee shall file an answering brief within 60 days.

*William L. Kohne,* for Defendant-Appellant, and *Michael E. Cleveland,* pro se.

*Rai Saint Chu* for Plaintiff-Appellee.