ON MOTION TO DISMISS APPEAL
PER CURIAM.
This cause is before us on appellees’ motion to dismiss the appeal as untimely. The question presented is whether, in a suit to determine paternity and child support, an order awarding child support, entered subsequent to a final judgment of paternity, extends the time for an appeal challenging the final judgment of paternity. We hold it does not.
The final judgment of paternity, retaining jurisdiction over the parties to consider the issue of child support and costs, was rendered April 22, 1982. Some months later, on July 16,1982, the trial court entered an order awarding child support. Notice of appeal was filed August 4, 1982, raising no points in connection with the award of child support but attempting to challenge the final judgment of paternity. Appellee moved to dismiss the appeal for lack of jurisdiction, and this court issued an order to show cause, to which appellant has not responded.
On consideration of the question presented, we hold that reservation of jurisdiction to determine child support does not render a final judgment of paternity interlocutory in nature and that the notice of appeal directed to that judgment is untimely when filed more than 30 days after entry of the judgment. Fla.R.App.P. 9.110(b).
The appeal is dismissed for lack of jurisdiction.
BOOTH and THOMPSON, JJ., concur.
WENTWORTH, J., dissents with written opinion.