JANE DOE V, Petitioner-Appellee, *v.* RICHARD ROE V, Defendant-Appellant

NO. 9992

JULY 24, 1985

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY TANAKA, J.

Petitioner-appellee (Petitioner) has moved to dismiss the appeal of defendant-appellant (Defendant). The motion raises an issue of first impression: Whether a family court's order adjudging Defendant to be the natural father of Petitioner's child but deferring for later determination child support and other subsidiary questions is an appealable final judgment. We answer no and dismiss the appeal for lack of jurisdiction.

On December 19, 1979, Petitioner commenced a paternity proceeding against Defendant pursuant to the Uniform Parentage Act, Hawaii Revised Statutes (HRS) Chapter 584 (1976 & Supp. 1984). She sought an order adjudicating Defendant to be the natural father of her child and requiring him to pay various expenses for the birth, support, education, and maintenance of the child.

After a lengthy bench trial, the family court entered its "Findings of Fact; Conclusions of Law; Decision and Order" (Order) on March 16, 1984. The Order adjudged that "Defendant is the natural father of the female child . . . born to Petitioner on April 20, 1979." The Order further provided:

An entry of judgment hearing will be held on July 2, 3 and 5, 1984 at 8:30 a.m., covering the issues of:
  (a)  Custody and Visitation;
  (b)  Surname of the Child and Issuance of a New Birth Certificate;
  (c)  Child Support;
  (d)  Payment of Birth-Related Expenses;
  (e)  Payment of Other Costs and Fees.

Defendant appealed. After the filing of Defendant's opening brief, Petitioner moved to dismiss the appeal, questioning appellate jurisdiction.

## I.

Appeals as of right in civil cases are governed by HRS § 641-1(a) (Supp. 1984),[1] which requires finality before a judgment, order or decree may be appealed. *Chuck v. St. Paul Fire & Marine Insurance Co.,* 61 Haw. 552, 606 P.2d 1320 (1980). The finality requirement is grounded on the policy reason of preventing piecemeal litigation. *See Powers v. Ellis,* 55 Haw. 414, 520 P.2d 431 (1974); *TBS Pacific, Inc. v. Tamura,* 5 Haw. App. 222, 686 P.2d 37 (1984); 9 Moore's Federal Practice ¶ 110.07 (2d ed. 1985).

As a general rule, a judgment, order, or decree is final and appealable if it is "one which ends the litigation . . . and leaves nothing for the court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233, 65 S. Ct. 631, 633, 89 L. Ed. 911, 916 (1945). There are instances where "[s]uch judgment, order or decree, however, need not be the final decision in the case, nor is it necessary that it conclude all rights that are the subject of the litigation." *Chuck,* 61 Haw. at 555, 606 P.2d at 1323. In this category fall certain orders "which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Loan Corp.,* 337 U.S. 541, 546, 69 S. Ct. 1221, 1225-26, 93 L. Ed. 1528, 1536 (1949). *See also MDG Supply, Inc. v. Ellis,* 51 Haw. 480, 463 P.2d 530 (1969); 15 Wright, Miller & Cooper, Federal Practice and Procedure: *Jurisdiction* § 3911 (1976 & Supp. 1985).

## II.

Although the entry of the Order did not end the litigation below, Defendants contend that the Order was final and appealable

---

[1] HRS § 641-1(a) reads:

Appeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts and the land court, to the supreme court or to the intermediate appellate court, except as otherwise provided by law and subject to the authority of the intermediate appellate court to certify reassignment of a matter directly to the supreme court and subject to the authority of the supreme court to reassign a matter to itself from the intermediate appellate court.

under the authority of *Cleveland v. Cleveland*, 57 Haw. 519, 559 P.2d 744 (1977). We disagree.

### A.

In *Cleveland*, the family court entered a decree of absolute divorce, effective immediately under its terms, which terminated the marriage and divided real property between the parties as tenants in common, but reserved for future determination questions of custody and support of minor children. Deeming the certainty of marital status to be an important public policy, the supreme court declared:

> It would be intolerable for an unappealed decree terminating marriage to remain uncertain as to finality because the family court continues to retain jurisdiction of the proceeding to deal with the welfare of the minor children or to determine a complex property distribution.

*Id.* at 524, 559 P.2d at 748.

The court held that the "policy of finality with respect to decrees terminating marriage . . . is strongly expressed in the statutes."[2] *Id.* Legislative intent favoring finality and appealability of a decree terminating marriage, despite the questions of custody and support of minor children being reserved for future determination, was found in (1) HRS § 580-11 authorizing the family court to make orders for the care, custody, education, and maintenance of minor children during the pendency of the divorce action; (2) HRS § 580-45 empowering the court to fix the effective date of the decree terminating marriage; (3) HRS § 580-47 authorizing the court, upon granting a divorce, to make further orders regarding the support, maintenance, and education of the children, the support and maintenance of a party by the other party, and the division and distribution of the parties' estate; and (4) HRS § 580-56 providing for the rights of a party who has remarried following the entry of the divorce decree but prior to the final division of property.

---

[2] Although the supreme court was not "as strongly compelled by policy to treat an order dividing the property as final and appealable," it found the legislative intent of finality to be clear. *Cleveland v. Cleveland*, 57 Haw. 519, 524, 559 P.2d 744, 748 (1977).

## B.

We do not find similar the policy considerations undergirding a decree terminating marriage and an order determining parentage. In the former, a party's right to remarriage is involved. In the latter, upon determination of the existence of the parent and child relationship, there is no compelling policy reason why its finality cannot await the determination of custody, visitation privileges, and other matters.

Moreover, unlike *Cleveland,* we do not find any legislative intent expressed in the Uniform Parentage Act indicating that a judgment or order determining the existence of the parent and child relationship but deferring resolution of child custody, visitation, and support questions must be accorded finality.

First, HRS § 584-15(a) provides that the judgment or order "determining the existence or nonexistence of the parent and child relationship shall be determinative for all purposes." However, it does not empower the court to fix the effective date of such judgment or order up to a month after the date of the judgment or decree as does HRS § 580-45 for a divorce decree.

Second, HRS § 584-24(e)[3] expressly provides that where the child's legal adoption is involved, an order terminating the natural father's parental rights for the reasons set forth therein, "[s]ubject to the disposition of an appeal, upon the expiration of thirty days . . . shall not be questioned by any person, in any manner, or upon any ground[.]" Surely, if the legislature wanted an HRS § 584-15(a) judgment or order to be final and appealable, notwithstanding that other issues remain undecided, it would have expressed its intent as it did in HRS § 584-24(e).

We are aware that HRS § 584-18 grants the court "continuing jurisdiction to modify or revoke a judgment or order[.]" However,

---

[3] HRS § 584-24(e) reads:

If, after the inquiry, the court is satisfied that the natural father has failed to exercise parental duties, obligations, and concern for the child the court shall enter an order terminating the natural father's parental rights with reference to the child. Subject to the disposition of an appeal, upon the expiration of thirty days after an order terminating parental rights is issued under this subsection, the order shall not be questioned by any person, in any manner, or upon any ground, including fraud, misrepresentation, failure to give any required notice, or lack of jurisdiction of the parties or of the subject matter.

we cannot deduce from this grant of jurisdiction that the judgment or order determining parentage but deferring other questions is necessarily final and appealable. Rather, we liken this to the power of the family court to amend or revise support orders due to changed circumstances under HRS § 580-47(d) (Supp. 1984) and a court's authority to alter, amend, or vacate a judgment under Rule 60(b), Hawaii Rules of Civil Procedure (1981).

We also note that the Hawaii Family Court Rules do not include a rule similar to Rule 54(b), Hawaii Rules of Civil Procedure, which authorizes a court to "direct the entry of a final judgment as to one or more but fewer than all of the claims . . . upon an express determination that there is no just reason for delay and upon an express direction for entry of judgment" in a multiple claims case.

### III.

Accordingly, we hold that the family court's Order of March 16, 1984, which adjudged Defendant to be the natural father of Petitioner's child but deferred the questions of the child's custody, visitation, and support and other matters for future resolution, is not final and appealable. *See Williams v. Williams,* 253 Pa. Super. 444, 385 A.2d 422 (1978). *Contra Steadham v. Dept. of Health & Rehabilitative Services,* 426 So.2d 1281 (Fla. App. 1983).

Motion granted and appeal dismissed.

*Edward R. Lebb* and *Charles W. Totto* (*Ing* and *Lebb,* of counsel) on the motion for petitioner-appellee.

*Walter G. Chuck* and *Alexander T. MacLaren* (*Walter G. Chuck,* Attorney at Law, A Law Corporation, of counsel) for defendant-appellant.