CHARLES MONTAGUE BLACK, Plaintiff-Appellant, Cross-Appellee, *v.* SANDRA LEE RUNDALL BLACK, Defendant-Appellee, Cross-Appellant

NO. 11013

(FC-D NO. 134047)

DECEMBER 5, 1986

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C.J.

In this divorce case plaintiff Charles Montague Black (Husband) appeals, and defendant Sandra Lee Rundall Black (Wife) cross-appeals, the family court's decrees regarding the division of contested property.[1]

---

[1]All assets that the parties disagree as to whom they should be awarded and all liabilities that the parties disagree as to who should pay them constitute contested property. All other assets and liabilities of the parties constitute uncontested property.

*Sua sponte,* we dismiss the appeal for lack of appellate jurisdiction. *See Bacon v. Karlin,* 68 Haw. ___, 727 P.2d 1127 (1986).

The dispositive issue is whether the family court's contested property division decisions in the divorce decree that did not directly involve the valuation of Charles Black and Associates, Inc., and the amount, if any, Husband had to pay to Wife regarding that asset were final and appealable when the family court partially granted Husband's Rule 59, Hawaii Family Court Rules (HFCR), motion and ordered a new trial solely on the issue of the valuation of Charles Black and Associates, Inc., and the amount, if any, Husband would be required to pay to Wife regarding that asset. Our answer is no. With rare exception,[2] no property division decisions in divorce cases are final and appealable until 1) the divorce decree has been effectively entered and 2) all property has been finally divided in the case. Here, requirement 2 was not satisfied.

Husband filed his complaint for divorce on May 18, 1984. A "Stipulation Re Motion to Set and Pre-Trial Agreement" was approved by the family court and filed on January 3, 1985. The stipulation expressed the agreement of the parties as to all issues except the issue whether Husband should pay to Wife a property equalization payment and, if so, in what amount. The trial was held on April 26, 1985. The family court issued a written decision on June 25, 1985 and a divorce decree on August 20, 1985.

In its June 25, 1985 decision, the family court, *inter alia,* 1) found that Husband's business, Charles Black and Associates, Inc., was worth $78,750 and ordered Husband to pay to Wife one-half of its value ($39,375) no later than September 1, 1985; 2) found that the parties' equity in the Puu Alii apartment 1514 was $36,752 and ordered Husband to pay to Wife one-half of its value ($18,376) no later than September 1, 1985; 3) found that the 3959 Round Top Drive property was gifted in early 1978 solely to Husband; and 4) ordered Husband to pay to Wife an equalization payment of $68,000 no later than September 1, 1985. The $68,000 included the amounts specified in findings 1 and 2 above.

On August 20, 1985 the family court entered a divorce decree consistent with its June 25, 1985 decision. On August 29, 1985 Husband

---

[2]*See Forgay v. Conrad,* 6 How. 201, 47 U.S. 201, 12 L.Ed. 404 (1848); *Penn v. Transportation Lease Hawaii, Ltd.,* 2 Haw. App. 272, 630 P.2d 646 (1981).

filed a motion under Rule 59, HFCR, for reconsideration or a new trial with respect to the Puu Alii apartment and Charles Black and Associates, Inc.

On October 7, 1985 the family court partially granted Husband's motion by ordering a new trial solely on the issue of the valuation of Charles Black and Associates, Inc., and the amount, if any, Husband had to pay Wife regarding that asset. In all other respects the June 25, 1985 decision and the August 20, 1985 divorce decree were not disturbed.

On November 5, 1985 Husband filed a notice of appeal of the August 20, 1985 divorce decree. On November 19, 1985 Wife filed a notice of cross-appeal.

All of the contested property in this case was not fully and finally divided on or before November 5, 1985 or November 19, 1985. It was not fully and finally divided until the family court finally decided the issue for which it had granted a new trial. Thus, as to the division of contested property in this case Husband's November 5, 1985 notice of appeal and Wife's November 19, 1985 notice of cross-appeal were premature and ineffective.

Husband contends that we have appellate jurisdiction because 1) the October 7, 1985 order for partial new trial "merely *stayed* a portion of the equalization payment to be paid, but did not *vacate* or *modify* any provision" (emphasis in original) or 2) the unstayed portion of the June 25, 1985 decision and the August 20, 1985 divorce decree were appealable under the collateral order doctrine as applied in *Cleveland v. Cleveland,* 57 Haw. 519, 559 P.2d 744 (1977). We disagree.

In *Cleveland,* the supreme court held that the July 18, 1975 decree which terminated the marriage and divided the real property and the October 2, 1975 decree which awarded child custody and support and also determined ownership of certain personal property were each final and appealable when entered.

In its opinion the supreme court stated:

[I]n *In re John Doe I,* 50 Haw. 537, 444 P.2d 459 (1968), we said: We agree with the statement in *Hoier v. Kaplan,* 313 Ill. 448, 450, 145 N.E. 243, 244 (1924), that the test of appealability is "whether the decree or order appealed from determines the ultimate rights of the parties, with respect to distinct matters which have no bearing on other matters left for further consideration."

57 Haw. at 522, 559 P.2d at 747.

In our view, the four discrete parts of divorce cases are 1) the decree of divorce, 2) spousal support, 3) child custody, visitation, and support, and 4) division of property (assets and liabilities).[3] Under *Cleveland,* the family court's orders with respect to one or more discrete parts of a divorce case are final and appealable when those discrete parts are fully and finally decided in the divorce decree or thereafter even though one or more of the other discrete parts of the case have not yet been fully and finally decided. *See TBS Pacific, Inc. v. Tamura,* 5 Haw. App. 222, 686 P.2d 37 (1984); *cf. Doe V v. Roe V,* 5 Haw. App. 610, 704 P.2d 940 (1985) (a paternity case). If one or more of the other three discrete parts are fully decided before the effective entry of the decree of divorce, they are finally decided upon the effective entry of the decree of divorce.

Accordingly, no final and appealable decree as to the division of contested property in this case was entered until the family court expressly or implicitly fully and finally divided all of the property in the case after it effectively entered the decree of divorce. That did not occur until the family court finally decided the total amount of the equalization of value payment payable by Husband to Wife.

Appeal dismissed for lack of appellate jurisdiction.

*Gregory T. Grab* on the briefs for plaintiff-appellant, cross-appellee.

*Jack Durham* (*Lau & Durham* of counsel) on the briefs for defendant-appellee, cross-appellant.

---

[3]When all of the contested property is expressly finally divided, the uncontested property is implicitly finally divided on the basis of record title or possession, as appropriate.