LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 30325

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

BENOIT MARIE BERNARD BASTIEN, Plaintiff-Appellant, v.
DESIREE MARIE MORALES, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-D NO. )8-1-0590)

K. HAMAKADO CLERK, APPELLATE COURTS STATE OF HAWAII 2010 JUN 15 AM 8:09 FILED

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, C.J., Fujise and Leonard, JJ.)

Upon review of record, it appears that we do not have jurisdiction over Plaintiff-Appellant Benoit Marie Bernard Bastien's (Appellant Bastien) appeal from the Honorable Keith E. Tanaka's January 5, 2010 "Findings of Fact and Conclusions of Law with Respect to Property Division Submitted for Decision" (Interlocutory Order) because, under the present circumstances, the Interlocutory Order is not an appealable order pursuant to Hawai'i Revised Statutes (HRS) § 571-54 (2006).

In family court cases "[a]n interested party aggrieved by any order or decree of the court may appeal to the intermediate appellate court for review of questions of law and fact upon the same terms and conditions as in other cases in the circuit court[.]" HRS § 571-54. In circuit court cases, aggrieved parties may appeal from "final judgments, orders or decrees[.]" HRS § 641-1(a) (1993 & Supp. 2009).

> Hawaii divorce cases involve a maximum of four discrete parts: (1) dissolution of the marriage; (2) child custody, visitation, and support; (3) spousal support; and (4) division and distribution of property and debts. Black v. Black, 6 Haw. App. [493], 728 P.2d 1303 (1986). In Cleveland v. Cleveland, 57 Haw. 519, 559 P.2d 744 (1977), the Hawaii Supreme Court held that an order which finally decides parts (1) and (4) is final and appealable even if part (2) remains undecided. Although we recommend that,

except in exceptionally compelling circumstances, all parts be decided simultaneously and that part (1) not be finally decided prior to a decision on all the other parts, we conclude that an order which finally decides part (1) is final and appealable when decided even if parts (2), (3), and (4) remain undecided; that <u>parts (2), (3), and (4) are each separately final and appealable as and when they are decided, but only if part (1) has previously or simultaneously been decided; and that if parts (2), (3), and/or (4) have been decided before part (1) has been finally decided, they become final and appealable when part (1) is finally decided</u>.

<u>Eaton v. Eaton</u>, 7 Haw. App. 111, 118-19, 748 P.2d 801, 805 (1987) (footnote omitted; emphases added). The Interlocutory Order relates to part (4) and the issue of dividing property in this divorce case. The record on appeal does not contain a judgment, decree or order that finally determines part (1) of this divorce case by dissolving the marriage. Therefore, under the holding in <u>Eaton</u>, the Interlocutory Order is not an appealable order pursuant to HRS § 571-54. Absent an appealable judgment, decree or order, Appellant Bastien's appeal is premature.

Therefore, IT IS HEREBY ORDERED that Appeal No. 30325 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 15, 2010.

Chief Judge

Associate Judge

Associate Judge