**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000083
21-MAY-2021
09:40 AM
Dkt. 34 OGMD**

NO. CAAP-21-0000083

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

CHILD SUPPORT ENFORCEMENT AGENCY, STATE OF HAWAIʻI,
Plaintiff-Appellee, v. TS, Defendant-Appellee, and
TK, Defendant/Third-Party Plaintiff-Appellee v.
JS, Third-Party Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-P NO. 17-1-0441)

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE
STATEMENT OF JURISDICTION, DISMISS APPEAL, AND IMPOSE SANCTIONS
(By: Leonard, Presiding Judge, Hiraoka and Nakasone, JJ.)

Upon consideration of the Motion to Strike Statement of Jurisdiction, Dismiss Appeal, and Impose Sanctions, filed on May 10, 2021, by Defendant/Third-Party Plaintiff-Appellee TK, the opposition thereto, and the record, it appears we lack appellate jurisdiction over Third-Party Defendant-Appellant JS's appeal from FC-P No. 17-1-0441 because the Family Court of the First Circuit (**Family's Court**) has not entered a final, appealable judgment or order.

Under Hawaii Revised Statutes (**HRS**) § 571-54, "appeals in family court cases, as in other civil cases, may be taken only from (1) a final judgment, order, or decree, see HRS §§ 571-54 (1993) and 641-1(a) (1993), or (2) a certified interlocutory order. See HRS § 641-1(b) (1993)." In re Doe, 96 Hawaiʻi 272, 283, 30 P.3d 878, 889 (2001). "Final order means an order ending

the proceedings, leaving nothing further to be accomplished." Familian Northwest v. Central Pacific Boiler, 68 Haw. 368, 370, 714 P.2d 936, 937 (1986) (citations and internal quotation marks omitted).

Here, the November 1, 2017 Complaint for Establishment of Paternity (**Complaint**) seeks a paternity determination and custody award, and an order to the noncustodial parent to pay child support, among other things. The November 25, 2019 Decision and Order Following Trial explicitly "only addresses who should be adjudicated the legal father of the minor child" and leaves for a later determination "the related issues of custody, visitation, support, etc." and, therefore, does not determine all of the issues in the Complaint. See Doe v. Roe, 5 Haw. App. 610, 614-15, 704 P.2d 940, 942 (1985). Further, the Family Court did not certify for appeal any of the interlocutory orders from which TK appeals.

TK asks the court to impose sanctions against JS for bringing a "patently frivolous appeal." However, the court has not decided the appeal and TK fails to show that the appeal is frivolous. See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 38 (emphasis added) ("If a Hawaii appellate court determines that an appeal decided by it was frivolous, it may . . . award damages, including reasonable attorneys' fees and costs, to the appellee."); Hawaii Teamsters & Allied Workers, Local 966 v. Dep't of Labor & Indus. Relations, 110 Hawaiʻi 259, 269, 132 P.3d 368, 378 (2006) (internal quotation marks and citation omitted) (The term frivolous under HRAP Rule 38 has been defined as being "manifestly and palpably without merit so as to indicate bad faith on the pleader's part").

Therefore, IT IS HEREBY ORDERED that the Motion is granted in part and denied in part as follows:

(1) The motion to dismiss the appeal is granted, and the appeal in Case No. CAAP-21-0000083 is dismissed for lack of appellate jurisdiction.

(2) The request for sanctions is denied.

(3) The request to strike the statement of jurisdiction is denied.

DATED:  Honolulu, Hawaiʻi, May 21, 2021.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge