**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-25-0000842
22-JUN-2026
02:33 PM
Dkt. 43 AMSDO**

NO. CAAP-25-0000842

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

N.H., Plaintiff-Appellee,
v.
B.M., Defendant-Appellant.

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. 1FDV-24-0000716)

AMENDED SUMMARY DISPOSITION ORDER
(By:  Hiraoka, Presiding Judge, Wadsworth and Gluck, JJ.)

Self-represented Defendant-Appellant B.M. filed a Notice of Appeal on November 21, 2025, in which she states she is "appealing the rulings and orders entered in the divorce proceedings" with Plaintiff-Appellee N.H.

As an initial matter, it is not entirely clear what B.M. intends to appeal.  She references the October 24, 2025 Divorce Decree (**Decree**) entered by the Family Court of the First Circuit (**Family Court**),[1]  but she also seems to seek enforcement and modification of the Decree (rather than vacatur) and her Reply Brief references a Family Court order that was not entered until April 2026.  Nevertheless, we can simplify things:  this

_____

[1]     The Honorable Maria F. Penn presided.

court has jurisdiction over the Decree, because the Decree is a final order that is appealable pursuant to Hawai'i Revised Statutes § 641-1(a) (2016).  See Cleveland v. Cleveland, 57 Haw. 519, 523, 559 P.2d 744, 747 (1977) (holding that divorce decree "was final and appealable with respect to the termination of the marriage and the division of the real property, although the questions of custody and support of minor children were left for future determination").  We do not, however, have jurisdiction over any orders entered thereafter.[2]  Therefore, the only matter properly before this court is the Decree itself.

Upon careful review of the record and the briefs submitted, and having given due consideration to the arguments advanced and the issues raised, we resolve B.M.'s contentions as follows, and affirm.

The background facts regarding the Decree are these: Plaintiff-Appellee N.H. filed a complaint for divorce in March 2024.  After various motions and mediation, the parties appeared in person for a settlement conference on October 23, 2025.  In its Findings of Fact and Conclusions of Law (issued on March 10, 2026) (**FOFs/COLs**), the Family Court recounted the procedural history of this case:

> 19.  The parties reached a full agreement on all issues, and placed the terms of the settlement [sic].
>
> 20.  The Court assisted with the preparation of the Decree Granting Absolute Divorce (With Children), and both parties were provided an opportunity to review the draft Decree and make any changes and/or corrections.

---

[2]      Hawai'i Rules of Appellate Procedure (**HRAP**) 4(a)(2) (eff. 2020) provides that "[i]f a notice of appeal is filed after announcement of a decision but before entry of the judgment or order, such notice shall be considered as filed immediately after the time the judgment or order becomes final for the purpose of appeal."  Here, however, the Family Court made no oral orders on any post-Decree motions prior to November 21, 2025.

21. After reviewing the draft Decree, both parties signed the Decree, and the Court conducted a colloquy of each of the parties regarding the signed Decree.

22. The Court found that the parties intelligently, knowingly, and voluntarily entered into the agreement and the Court accepted and approved the agreement.

23. The Court placed the jurisdictional elements on the record and granted the divorce.

The Family Court's FOFs included the following:

27. The parties entered into settlement agreement concerning custody of the parties' one (1) minor child, as well as all other issues in this divorce on October 23, 2025.

28. The parties' agreement included agreements concerning custody, timesharing, and child support for the parties' one (1) minor child, alimony, and property division issues.

29. The Divorce Decree With Children detailing these agreements, was executed by both parties and counsel, and was filed and entered on October 24, 2025 (Dkt. 181).

The Family Court's COLs included the following:

36. The executed Divorce Decree filed on October 24, 2025 memorialized the full settlement agreement reached between the parties on October 23, 2025.

37. The parties both signed the Divorce Decree after having a full opportunity to review it.

On appeal, B.M. asks that this court "[v]acate the property-division section of the Decree" and make additional changes to the Decree. Specifically, B.M. contends that the Decree should be changed because:

(1) The child-support worksheet used in preparing the settlement agreement excluded certain allowable expenses;

(2) N.H. did not provide current proof of finances before spousal support was settled;

(3) N.H. was granted "unilateral medical-insurance authority without required best-interest findings";

3

(4)   Property division is incomplete;

(5)   There are outstanding issues regarding custody of the parties' pets;

(6)   The Family Court should have made safety findings based on allegations of abuse; and

(7)   All future communications between N.H. and B.M. should be through counsel.

Additionally, B.M. contends that certain conditions of the Decree have not been met.  For example, she argues that N.H. has not yet removed B.M. and the minor child from a database for certain government benefits.  And in her reply brief, B.M. asks that this court award "transitional spousal support" and return of personal items.

Again, the only matter properly before this court is the Decree itself.  However, B.M. has not presented a cognizable argument as to why this court should vacate the Decree when she consented to the terms of the Decree when she was before the Family Court.  Perhaps B.M. intends her appeal to serve as a motion for relief from the Decree, but she did not make any such arguments to the Family Court prior to filing the instant appeal.  If B.M. did, in fact, make any such arguments, she does not state where in the record she raised any of these arguments, nor does she identify where the supporting evidence appears in the record.  See HRAP Rule 28(b)(7) (eff. 2016) (requiring an opening brief to contain, among other things, "[t]he argument, containing the contentions of the appellant on the points presented and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on.").  Additionally, B.M. does not challenge any of the Family Court's FOFs or COLs at all; accordingly, they are binding on appeal.  See Alvarez Fam. Tr. v. Ass'n of Apartment Owners of Kaanapali

4

<u>Alii</u>, 121 Hawaiʻi 474, 489, 221 P.3d 452, 467 (2009) ("It is also well-settled that all unchallenged conclusions by the circuit court are considered binding upon this court."); <u>Okada Trucking Co., Ltd. v. Bd. of Water Supply</u>, 97 Hawaiʻi 450, 459, 40 P.3d 73, 82 (2002) ("[U]nchallenged factual findings are deemed to be binding on appeal[.]").

In short, B.M. has not pointed to any error of the Family Court upon which to vacate the Decree itself, and the Decree is the only Family Court order that is currently within this court's jurisdiction. Therefore, we affirm the October 24, 2025 Divorce Decree entered by the Family Court without prejudice to B.M. seeking appropriate relief from the Family Court.

DATED:  Honolulu, Hawaiʻi, June 22, 2026.

On the briefs:

B.M.,
Self-represented Defendant-Appellant.

Mitchell S. Wong,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Daniel M. Gluck
Associate Judge